## GENERAL COURT, OCTOBER TERM, 1799.

### JOHN M'CREERY'S Lessee *vs.* ALLENDER.

EJECTMENT for lot No. 14, in the city of Baltimore, of that part of the said city called Fell's Point.

The following *statement of facts* was agreed upon and submitted to the court for their opinion thereon, viz. That

Oct. 1799.

M'Creery's
lessee
vs
Allender.

*William Fell* being seised in fee simple of lot No. 14 in the city of Baltimore, the lot in the declaration of eject-ment mentioned, on the 5th of October 1782, leased the same to one *John Winning*, his executors, &c. for ninety-nine years, at a certain annual rent. That the said *Win-ning* entered and possessed the said lot under the said lease, and on the 15th of January 1787, by his will, " bequeathed and devised to his wife *Margaret*, all his es-tate, both real and personal, during her natural life, and no longer;" and after the death of his wife, he directed, " that his daughter in law, *Susanna Nelson*, (provided she should marry with his wife's consent,) should have and hold his property, both real and personal, to her and her heirs for ever." That the said *Winning* died on or about the 15th of July 1789, and the said *Margaret* caused the will to be proved, and obtained letters testamentary thereon, and entered and possessed the said lot until her death, which happened on or about the 5th of November 1793. That a certain *Thomas M'Creery*, a native of Ire-land, and subject of the King of Great-Britain, in the life-time of the said *Margaret*, intermarried with the said *Susanna Nelson;* and after the death of the said *Marga-ret*, the said *Thomas* and his said wife, entered into and possessed themselves of the said lot under the devise in the said will, in right of the said *Susanna*. That the said *Susanna* died in the life-time of the said *Thomas M'Cree-ry*, and that the said *Thomas* remained in possession of the said lot until his death. That the said *Thomas M'Creery*, in order to become a citizen of *Maryland*, and to become naturalized according to the act of assembly in such case made and provided, on the 30th of Septem-ber 1795, took the oath, and repeated and subscribed the declaration by the said act required. before the honour-able *Samuel Chase*, esquire, then being the chief judge of the state of Maryland for the general court, and did then and there receive from the said chief judge a certificate thereof, in the words following, to wit: " Maryland, sc. " I *Samuel Chase*, chief judge of the state of Maryland, " do hereby certify all whom it may concern, that on the " thirtieth day of September, in the year one thousand " seven hundred and ninety-five, personally appeared " before me *Thomas M'Creery*, and did repeat and sub- " scribe a declaration of his belief in the Christian Re- " ligion, and take the oath required by the act of assem- " bly of this state, entitled, *" An act for naturalization."* " In testimony of the truth hereof I, the said *Samuel* " *Chase*, have hereunto put my hand, at Baltimore-town " in the state of Maryland, on the said thirtieth day of " September, in the year one thousand seven hundred " and ninety-five.                    SAMUEL CHASE."

Oct. 1799.

M‘Creery's
lessee
vs.
Allender.

That the said *Thomas M‘Creery* died on or about the 23d of February 1796, having first duly made and executed his last will and testament, dated in *Dublin* on the 18th of January 1796, whereby he devised " all his estate in the town of Baltimore, in North-America, or elsewhere, both real and personal, of what nature or kind soever, to his brother *James M‘Creery*, in trust, and to and for the uses, intents and purposes, thereinafter expressed and declared, of and concerning the same; that is to say, in the first place to sell and dispose of the property real and personal," &c. That letters of administration on the personal estate of the said *Thomas M‘Creery*, with the said will annexed, was granted to *John M‘Creery* the lessor of the plaintiff, and that the said *James M‘Creery*, the devisee in the said will mentioned, was and is an alien and British subject.

*Martin*, (Attorney-General,) for the plaintiff.
*Winchester*, for the defendant.

*Martin*, (Attorney-General,) for the plaintiff, argued that the case might be considered under three questions:

*First.* Supposing *Thomas M‘Creery* an alien at the time of his death, is his lease good to try his title?

*Secondly.* If his right as an alien friend is not good, is not his right confirmed by his being naturalized?

*Thirdly.* If the title is not supportable on these points what is the operation of the British treaty?

*First point.* The title of an alien is good against all persons but the state; and there must be an office found or some act done, to divest his right; and in the life-time of *Thomas M‘Creery* there was no act done to divest that right. His administrator takes the property, subject to the payment of any debts which the testator owed. An alien has a right to purchase real and leasehold property—1 *Bac. Ab.* 80, new edition—and hold for the benefit of the crown. An alien may take an estate-tail, and suffer a common recovery, and bar the remainder man—*Viner, til. Grant*, 34. *Gold.* 102. In case of a fee simple and fee tail, an alien holds for the benefit of the state, but that he can only be divested by office found. If an alien lessee dies, the state shall have the land if an office found—*Hughes' Ab.* 150. An administrator may hold leased property, (unless an office found,) against all persons, but the state—3 *Shep. Ab. (part 4,)* 65. An alien may be an administrator of leased property—*Cro. Car.* 8. An alien may be an administrator, and have administration of leasehold property. The act of naturalization of November 1779, *ch.* 6, is so far repealed as the act of Congress operates upon it. Any person naturalizing under our state law, may still enjoy any right not

Oct. 1799.

M‘Creery's
Lessee
vs.
Allender.

incompatible with the general government and laws of congress. He may hold property in the same manner as a natural born subject.

CHASE, Ch. J. The court are of opinion on the first point, that the title of *Thomas M‘Creery*, an alien friend, is good against every body but the state, and that his right and possession could not be divested but by office found, or some act done by the state to acquire possession; and that the right and title of *Thomas M‘Creery* vested in *John M‘Creery* the administrator.

JUDGMENT for the plaintiff, possession and costs.